**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1427

AKIEL MCKNIGHT,

　　　　Plaintiff – Appellant,

v.

THE  PICKENS POLICE DEPARTMENT; THE  CITY OF PICKENS; TRAVIS RIGGS; DENNIS HARMON,

　　　　Defendants – Appellees.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Joseph Dawson, III, District Judge. (8:18-cv-03277-JD)

Submitted:  October 28, 2022                      Decided:  December 16, 2022

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON  BRIEF:** Joshua  Thomas  Hawkins,  Helena  LeeAnn  Jedziniak,  HAWKINS  & JEDZINIAK, LLC, Greenville, South Carolina, for Appellant.  Charles F. Thompson, Jr., Lake  Summers,  Michael  D.  Malone,  MALONE,  THOMPSON,  SUMMERS  &  OTT, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Akiel McKnight appeals the district court's order granting summary judgment to the Pickens Police Department ("Department"), the City of Pickens, Travis Riggs, and Dennis Harmon, in McKnight's action for unlawful termination based on his sexual orientation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, and South Carolina law. We affirm.

We "review de novo a district court's grant or denial of a motion for summary judgment, construing all facts and reasonable inferences therefrom in favor of the nonmoving party." *Gen. Ins. Co. of Am. v. U.S. Fire Ins. Co.*, 886 F.3d 346, 353 (4th Cir. 2018). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 903 F.3d 415, 423 (4th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "To create a genuine issue for trial, 'the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence.'" *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)).

Upon review of the parties' briefs and the record, we find no reversible error in the district court's determination that (1) McKnight failed to establish through direct or circumstantial evidence that his sexual orientation was a motivating factor in the

2

Department's decision and (2) McKnight failed to establish that the Department's legitimate, nondiscriminatory reason for his termination was a pretext for discrimination.

Accordingly, because there is no genuine dispute of material fact, we affirm the district court's order granting summary judgment to Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*